Filed by _____ D.C.

Jul 21, 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – FT. LAUD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60159-CR-HURLEY/HOPKINS

41 U.S.C. §§ 8702 & 8707
26 U.S.C. § 7201

UNITED STATES OF AMERICA

v.

**VICTOR VILLALOBOS**

     **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### Introduction

At various times relevant to this Indictment:

1.     Defendant **VICTOR VILLALOBOS** resided in Enterprise, Alabama, and was employed by Company A as a federal contractor at Fort Rucker, Alabama.

2.     Company A was a prime contractor, who entered into a contract with the Federal Government to furnish supplies, materials, equipment, or services of any kind.

3.     Person X owned and operated Company B, located in Fort Lauderdale, Florida. Person X and Company B were subcontractors, who furnished supplies, materials, equipment, or services of any kind under a subcontract entered into in connection with Company A's prime contract.

4.     The term "kickback" means any money, fee, commission, credit, gift, gratuity, thing of value, or compensation of any kind that is provided to a prime contractor, prime contractor employee, subcontractor, or subcontractor employee to improperly obtain or reward

1

favorable treatment in connection with a prime contract or a subcontract relating to a prime contract.

5.   The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

## Background

6.   In or about 2009, the exact date being unknown to the grand jury, the defendant **VICTOR VILLALOBOS** (hereinafter "Villalobos") would and did approach Person X and solicit kickbacks on the federal subcontracts Person X and Company B had been awarded in connection with Company A's prime contract. **VILLALOBOS** agreed that in exchange for kickback payments he would refrain from conduct that would unfavorably affect Person X's and Company B's business relationship with Company A and help ensure Person X obtained additional business.

7.   From in or about June 2009 to in or about December 2014, **VILLALOBOS** would and did receive into bank accounts he owned and controlled approximately 57 separate wire funds transfers totaling more than $1.9 million in kickback payments from various foreign and domestic bank accounts controlled by Person X. Person X caused many of these wire transfers to be sent from within the Southern District of Florida.

8.   On January 26, 2015, **VILLALOBOS** met with Person X in Dothan, Alabama, and accepted an envelope containing $5,000 in U.S. currency as a kickback.

9.   On February 9, 2015, **VILLALOBOS** met with Person X in Dothan, Alabama, and accepted a bag containing $55,000 in U.S. currency as a kickback.

10.  Between in or about June 2009 and in or about February 2015, **VILLALOBOS** would and did take various steps to conceal his receipt of unlawful kickbacks to include, but not

limited to: incorporating nominee entities, opening nominee bank accounts, and causing to be prepared and filed false federal income tax returns.

## COUNT 1
## UNLAWFUL KICKBACKS
## 41 U.S.C. §§ 8702(2) & 8707

11. The factual allegations contained in Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if copied verbatim.

12. From in or about June 2009, through in or about February 2015, in a continuing course of conduct, in the Southern District of Florida and elsewhere, the defendant

### VICTOR VILLALOBOS

knowingly and willfully solicited, accepted, and attempted to accept a kickback, that is, money, fees, commissions, credits, gifts, gratuities, things of value, and compensation provided, directly and indirectly, to **VILLALOBOS**, as a prime contractor employee, for the purpose of improperly obtaining and rewarding favorable treatment in connection with a subcontract relating to a prime contract, to wit: **VILLALOBOS** knowingly and willfully solicited, accepted, and attempted to accept a kickback from Person X and Company B for the purpose of improperly obtaining and rewarding favorable treatment in connection with Company B's performance on subcontracts and as a subcontractor for **VILLALOBOS's** employer, Company A.

All in violation of Title 41, United States Code, Sections 8702(2) & 8707.

## COUNT 2
## ATTEMPT TO EVADE OR DEFEAT TAX – 2009
## 26 U.S.C. § 7201

13. The factual allegations contained in Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if copied verbatim.

3

14. On or about March 29, 2010, in Broward County, in the Southern District of Florida, the defendant

**VICTOR VILLALOBOS**

who during the calendar year 2009 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2009, by preparing and filing and causing to be prepared and filed with the IRS, a false and fraudulent joint Amended U.S. Individual Income Tax Return, Form 1040X, on behalf of himself and his spouse. In that false return, it was stated that his joint taxable income for the calendar year was approximately the sum of $203,667 and the amount of tax due and owing thereon was approximately the sum of $47,795. In fact, as he then and there knew, his joint taxable income for the calendar year was in excess of the amount stated on the return, and, upon the additional taxable income, a substantial additional tax was due and owing to the United States of America.

All in violation of Title 26, United States Code, Section 7201.

### COUNT 3
### ATTEMPT TO EVADE OR DEFEAT TAX – 2010
### 26 U.S.C. § 7201

15. The factual allegations contained in Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if copied verbatim.

16. That on or about October 5, 2011, in Broward County in the Southern District of Florida, the defendant

**VICTOR VILLALOBOS**

who during the calendar year 2010 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for

the calendar year 2010, by preparing and filing and causing to be prepared and filed with the IRS, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse. In that false return, it was stated that his joint taxable income for the calendar year was approximately the sum of $75,182 and the amount of tax due and owing thereon was approximately the sum of $9,156. In fact, as he then and there knew, his joint taxable income for the calendar year was in excess of the amount stated on the return, and, upon the additional taxable income, a substantial additional tax was due and owing to the United States of America.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 4
## ATTEMPT TO EVADE OR DEFEAT TAX – 2011
## 26 U.S.C. § 7201

17. The factual allegations contained in Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if copied verbatim.

18. That on or about April 6, 2012, in Broward County in the Southern District of Florida, the defendant

**VICTOR VILLALOBOS**

who during the calendar year 2011 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2011, by preparing and filing and causing to be prepared and filed with the IRS, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse. In that false return, it was stated that his joint taxable income for the calendar year was approximately the sum of $0 and the amount of tax due and owing thereon was approximately the sum of $0. In fact, as he then and there knew, his joint taxable income for

the calendar year was in excess of the amount stated on the return, and, upon the additional taxable income, a substantial additional tax was due and owing to the United States of America.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 5
## ATTEMPT TO EVADE OR DEFEAT TAX – 2012
## 26 U.S.C. § 7201

19. The factual allegations contained in Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if copied verbatim.

20. That on or about May 8, 2013, in Broward County in the Southern District of Florida, the defendant

## VICTOR VILLALOBOS

who during the calendar year 2012 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2012, by preparing and filing and causing to be prepared and filed with the IRS, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse. In that false return, it was stated that his joint taxable income for the calendar year was approximately the sum of $33,961 and the amount of tax due and owing thereon was approximately the sum of $2,226. In fact, as he then and there knew, his joint taxable income for the calendar year was in excess of the amount stated on the return, and, upon the additional taxable income, a substantial additional tax was due and owing to the United States of America.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 6
## ATTEMPT TO EVADE OR DEFEAT TAX – 2013
## 26 U.S.C. § 7201

12838779.1

21.     The factual allegations contained in Paragraphs 1 through 10 of this Indictment are realleged and incorporated by reference as if copied verbatim.

22.     That on or about March 3, 2014, in Broward County in the Southern District of Florida, the defendant

## VICTOR VILLALOBOS

who during the calendar year 2013 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2013, by preparing and filing and causing to be prepared and filed with the IRS, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse. In that false return, it was stated that his joint taxable income for the calendar year was approximately the sum of $32,189 and the amount of tax due and owing thereon was approximately the sum of $1,934. In fact, as he then and there knew, his joint taxable income for the calendar year was in excess of the amount stated on the return, and, upon the additional taxable income, a substantial additional tax was due and owing to the United States of America.

All in violation of Title 26, United States Code, Section 7201.

A TRUE BILL:

Foreperson

Caroline D. Ciraolo
Acting Assistant Attorney General
Department of Justice, Tax Division

Charles M. Edgar, Jr.
Jason Poole
Trial Attorneys
Department of Justice, Tax Division

12838779.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA                         CASE NO. _____

vs.

VICTOR RENE VILLALOBOS,                 **CERTIFICATE OF TRIAL ATTORNEY***
               Defendant.
_____/          Superseding Case Information:

**Court Division:** (Select One)

                                New Defendant(s)
                                Number of New Defendants
    Miami _____ Key West _____   Total number of counts
    FTL __X__ WPB _____ FTP _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   NO
   List language and/or dialect

4. This case will take __4-5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                  (Check only one)

   | I   | 0 to 5 days     | X |
   | II  | 6 to 10 days    |   |
   | III | 11 to 20 days   |   |
   | IV  | 21 to 60 days   |   |
   | V   | 61 days and over|   |

   Petty _____
   Minor _____
   Misdem. _____
   Felony __X__

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   __NO__
   If yes: Magistrate Case No.
   Related Miscellaneous numbers:
   Defendant(s) in federal custody as of
   Defendant(s) in state custody as of
   Rule 20 from the
                         District of _____

   Is this a potential death penalty case? (Yes or No) _____ Yes __X__ No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes      No __X__

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes     No __X__

                                                  _____
                                                  CHARLES M. EDGAR, JR.
                                                  ASSISTANT UNITED STATES ATTORNEY
                                                  Special Bar ID # is A5501671

*Penalty Sheet(s) attached                                                                                         REV.9/11/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>**VICTOR RENE VILLALOBOS**</u>

**Case No:** _____

Count #: 1

<u>Prohibited Conduct and Criminal Penalties-Kickbacks</u>

<u>Title 41, United States Code, Section 8702; Title 41, United States Code, Section 8707</u>

***Max. Penalty:*** Ten (10) years' imprisonment; three (3) years' supervised release; $250,000 fine or twice the gross

Counts #: 2-6

<u>Attempt to evade or defeat tax</u>

<u>Title 26, United States Code, Section 7201</u>

***Max. Penalty:*** Five (5) years' imprisonment; three (3) years' supervised release; $250,000 fine

Count #

_____

***Max. Penalty:***

Count #

_____

***Max. Penalty:***

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.